# Jones *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Railroad—Rates—Public Service Commission—Facilities for accommodation of passengers.*

An order of the Public Service Commission fixing a five-cent instead of a ten-cent rate between two towns, will be sustained where it appears that the commission took into consideration the surroundings, the size of the towns in question and the rates charged by other roads, and from the substantial evidence offered, determined that a five-cent rate was a reasonable fare.

An order of the commission relating to rates should not incorporate a provision relating to facilities for the accommodation of passengers, where the complaint raises no question as to such service.

A mere general order not providing what accommodations are to be supplied is without effect.

Argued Oct. 31, 1917. Appeal, No. 28, March T., 1918, by Delaware, Lackawanna & Western Railroad Co., from order of Public Service Commission, Complaint Docket No. 247, 1914, sustaining complaint in case of Gomer Jones et al. v. Delaware, Lackawanna & Western Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Complaint against establishing a ten-cent rate of fare between Taylor and Scranton.

From the record it appeared that the appellant on October 8, 1913, raised its rate of fare between Taylor and Scranton from five cents to ten cents. The distance between the two stations was 3.07 miles. On July 4,

1914, Gomer Jones et al., filed a complaint before the Public Service Commission alleging that the new rate was unjust and discriminatory. After hearing, the Public Service Commission made the following order:

This case being at issue, upon complaint and answer on file, and having been duly heard and submitted by the parties, and full investigation of the matters and things involved having been had, and the commission having, on the date hereof, made and filed of record a report containing its findings of fact and conclusions thereon, which said report is hereby referred to and made a part hereof:

Now, to wit, February 4, 1915, it is ordered: That the Delaware, Lackawanna and Western Railroad Company establish, according to law, a passenger fare of five cents each way between Taylor and Scranton, and provide adequate facilities for the accommodation of passengers desiring to travel from Taylor to Scranton.

*Error assigned* was the order of the commission.

*Ralph J. Baker, D. R. Reese* and *J. H. Oliver,* for appellant.

*B. H. Evans,* for Public Service Commission, filed no printed brief.

OPINION BY TREXLER, J., July 10, 1918:

The question before the commission was "the reasonableness of the defendant's increase in the fare between Taylor and Scranton from five to ten cents."

The order of the commission was that the Delaware, Lackawanna and Western Railway Company establish a passenger fare of five cents each way between Taylor and Scranton, and provide adequate facilities for the accommodation of passengers desiring to travel between Taylor and Scranton. We cannot say that the Public Serv-

ice Commission in this case fixed the rate of fare without any evidence to sustain it. Whilst we think it would have been very proper to include in the inquiry other elements which might bear upon the question of rate, the commission took the surroundings, the size of the towns connected by the railroad and the rates charged by other roads, and determined that a five-cent was the reasonable fare, and inferentially that a ten-cent fare was unreasonable. There being substantial evidence to sustain the order, it is not within the province of this court to change the findings of the commission.

The order that the railroad company should provide adequate facilities for the accommodation of passengers desiring to travel between Taylor and Scranton was, we think, inadvertently made. No complaint was made as to the service, and therefore that matter was not involved in the inquiry. Article V, Section 13, of the Act of July 26, 1913, P. L. 1374, contemplates there should be a hearing on the subject before such an order can be made. However, the order is so general that it lacks definiteness. All public carriers are required to furnish adequate accommodations for ordinary requirements but as the order does not specify what accommodations are to be provided, it is without effect. The act contemplates that the Public Service Commission shall define what facilities and accommodations are to be afforded and what improvements made, (Article V, Section 13).

The order of the commission fixing the fare between Taylor and Scranton is affirmed; the costs of this appeal are to be paid by the appellant.